UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
NOV 09 2020

| | |
|---|---|
| DASHOWN RAYMOND KEYS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:20-CV-01013-CBK<br><br>**ORDER DENYING MOTION TO VACATE AND ORDER DENYING A CERTIFICATE OF APPEALABILITY** |

Petitioner was convicted of four counts of aggravated sexual abuse of a child and two counts of abusive sexual contact of a child. He was sentenced on May 14, 2018, to 540 months custody. He appealed his convictions and sentence to the United States Court of Appeals for the Eighth Circuit and the Eighth Circuit affirmed. United States v. Keys, 918 F.3d 982 (8th Cir. March 22, 2019). The mandate issued May 13, 2019. Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He has also filed a motion to stay this proceeding until he is able to access the prison law library and submit materials in support of his motion. He states in his motion that his prison is currently in lockdown in response to the COVID-19 public health emergency.

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**DECISION**

Petitioner contends that he received ineffective assistance of counsel during trial. To support a claim of ineffective assistance of counsel, a two-prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct.

366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

**Theory of Defense Witness.**

Petitioner contends that counsel was ineffective in failing to appropriately proffer the corroborating testimony of petitioner's defense witness, Deon Lee Taylor. Petitioner faults counsel for calling Mr. Taylor prior to the petitioner's trial testimony and failing to re-call Mr. Taylor after the petitioner testified. Petitioner contends that Mr. Taylor should have been called to testify and corroborate Mr. Keys' theory of the defense that victim I.C.'s claims of sexual abuse were fabricated due to a financial dispute between petitioner and victim I.C.'s parents.

Petitioner raised evidentiary issues concerning Taylor's testimony in his appeal. The Eighth Circuit held:

> The district court acted well within its discretion when it prohibited Taylor from testifying about an alleged financial dispute between Keys and I.C.'s guardians. After Taylor testified that he believed Heidi and Rossi Haynes did not want Keys to move out because of the financial help he was providing, the district court sustained an objection to this question: "Did you believe that Dashown's leaving [the Haynes home] had something to do with [I.C.'s] allegations?" Keys argues this evidence was relevant to establish a motive for I.C. to fabricate her claims of sexual assault. But Taylor's opinion as an observer did not establish this improbable theory, which defense counsel vigorously argued but the jury rejected. The district court did not abuse its discretion by excluding Taylor's baseless opinion.

>  After Taylor testified that he observed Keys giving gifts to I.C., the district court overruled the government's relevance objection to whether Taylor believed Rossi and Heidi treated R.C. better than her sister, I.C. However, when defense counsel asked Taylor why Keys was buying things for I.C., the government objected that Taylor "does not know what [Keys's] true motives were." The court sustained this objection. Later Keys, the last defense witness, provided an explanation to counter the government's theory that the gifts were "grooming" I.C. for a sexual relationship. On appeal, Keys argues that excluding Taylor's opinion prevented him from presenting "a complete defense to the charges."
>
>  Had Keys testified first, Taylor's opinion might have had probative value as corroboration of Keys's explanation for the gifts. But when Taylor testified, there was nothing to corroborate, and it was not improper to exclude his personal opinion of another person's intent. Knowing Keys would testify, defense counsel could have provisionally offered Taylor's opinion as corroboration, or counsel could have recalled Taylor after Keys testified. As the defense did neither, we cannot conclude that excluding this opinion was an abuse of the district court's wide discretion to limit testimony of marginal probative value. Nor did the ruling affect Keys's substantial rights or have more than a slight influence on the verdict.

United States v. Keys, 918 F.3d at 988-89.

Petitioner cannot succeed on his claim of ineffective assistance of counsel as to the presentation of Taylor's testimony. Taylor's testimony concerning what Taylor "believed" would have been inadmissible regardless of the order testimony was presented. Petitioner can not show that counsel's presentation of the order of witnesses resulted in any prejudice to petitioner. The result of the Court's ruling on the admissibility of the evidence would not have been different and the result of the trial would not have been different.

At the time of trial, victim I.C. was 14 years old. She was on the witness stand for 70 minutes, during which time she detailed the sexual acts that occurred beginning when she was ten years old until age 12 while she shared a bedroom and a bed with the petitioner. There was no evidence that I.C.'s allegations were made as a result of any influence by her mother. The evidence showed that, on the day the petitioner moved out of victim I.C.'s home, there was a financial dispute between victim I.C.'s mother and petitioner and, three days later, the victim disclosed the abuse to her mother.

3

The Eighth Circuit described the defense claim that victim I.C.'s allegations of sexual abuse were motivated by her abuser moving out and no longer providing financial support to the family as an "improbable theory." United States v. Keys, 918 F.3d at 988. Whether or not counsel had called witnesses in a different order, there is no reasonable probability that the verdict would have been different as required to sustain a claim of ineffective assistance of counsel. Delgado v. United States, 162 F.3d at 982.

**Stipulation of Jurisdiction Elements.**

Petitioner further contends that counsel was ineffective in advising petitioner to stipulate to the Indian status of the victims and that the crimes occurred in Indian country, which were essential jurisdictional elements of the offenses. Petitioner contends that, after the trial started, the government could not secure the testimony of a tribal enrollment officer. The trial transcript shows that, after the conclusion of the first day of trial, the government requested that the tribal enrollment officer from the Sisseton-Wahpeton Tribe be allowed to testify by video from another federal courthouse. The witness was in Fargo, North Dakota, at the hospital with an ill grandchild. Counsel for petitioner could not, at that time, stipulate to the Indian status of the victims without consulting with the petitioner.

At the beginning of trial the following morning, the government read into evidence a stipulation signed by the petitioner, counsel for the petitioner, and counsel for the government that victim I.C. was an Indian, being an enrolled member of the Sisseton-Wahpeton Sioux Tribe. The stipulation was received into evidence along with a copy of the tribal enrollment certificate, name change order, and birth certificate of that victim. After the lunch recess on the second day of trial, the government asked the Court to take judicial notice of the fact that the Jicarilla Apache Nation is a federally recognized tribe, which the Court did. The government then read into evidence a stipulation signed by the petitioner, counsel for the petitioner, and counsel for the government that victim J.V. was an Indian, being a member of the Jicarilla Apache Nation. The stipulation was received into evidence along with a copy of the tribal enrollment certificate and DNA parentage report of that victim. Thereafter the government read into evidence a stipulation that the

4

location of the alleged offenses is in Indian Country. Absent testimony to the same, all three stipulations were required to show the jurisdictional elements that the victims were Indians and that the offenses occurred in Indian country. 18 U.S.C. § 1152.

Generally, the tactical decision to enter into an agreement to stipulate to certain evidence is within the range of competent counsel. I need not rule on that point because petitioner cannot show that the result of the proceeding would have been different had the defendant not been advised to stipulate to the Indian status of the victims and the fact that the offenses occurred in Indian country. Both of the tribal enrollment officers were on the government's witness list and both were subpoenaed by the government. I.C's mother testified that I.C. is an enrolled member of an Indian Tribe and that the place where the offenses occurred is on an Indian reservation. The witness whose ability to appear at trial was hampered was the witness who was slated to testify as to I.C.'s tribal enrollment, which evidence had already been admitted through I.C.'s mother. There is no indication in the record that the other tribal enrollment witness would not have been able to appear. Petitioner cannot demonstrate that he was prejudiced by counsel's advice to stipulate to certain evidence.

**Evidentiary Hearing.**

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). *Accord*, Garcia v. United States, 679 F.3d 1013, 1014 (8th Cir. 2012).

No evidentiary hearing is necessary in this matter because it plainly appears from a review of the record that the petitioner is not entitled to relief. Petitioner's claims that

5

counsel was ineffective, even if true, would not entitle him to relief because the petitioner cannot demonstrate that the outcome of the trial would have been different had counsel performed as suggested by petitioner.

**Abeyance.**

Petitioner requested that his motion to vacate be held in abeyance due to his inability to research and obtain documents while the COVID-19 public health emergency is ongoing. There is no basis for holding this matter in abeyance. I am well aware of the law concerning ineffective assistance of counsel and the admission of evidence during trial and I am bound to consider the law, whether or not it is raised in a brief by one of the parties. Further, I have available to me the entire record of proceedings in petitioner's case and I have considered the entire record. I find that the record does not support the relief requested by petitioner.

## ORDER

Based upon the foregoing,

IT IS ORDERED:

1. The motion, Doc. 2, to hold this proceeding in abeyance for further briefing is denied.

2. The motion, Doc. 1, to vacate, set aside, or correct sentence is denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner filed a motion to vacate or set aside his convictions and sentences for aggravated sexual abuse of a child and abusive sexual contact of a child, contending that he had received ineffective assistance of counsel. I conducted an initial review and denied the motion on the merits.

Pursuant to 28 U.S.C. § 2253(c)(1), an appeal from an order denying a motion to vacate may not be taken unless a judge issues a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 9th day of November, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge